## WAIVER OF RIGHT TO SUE FOR TORT.

Common Pleas Court of Hamilton County.

CHARLES BORN ET AL V. THE JOHN HAUCK BREWING COMPANY.

Decided, February 4, 1919.

*Actions—Right to Sue for Tort—Lost by Entering Into an Agreement for Reparation—Automobile Damaged in a Collision—Agreement to Restore it to its Former Condition—Failure of Machine to Run After Being Repaired—Remedy of Owner.*

1. Where damages are claimed to an automobile by reason of the negligent operation of another machine, and the owner of the injured machine agrees to settle and adjust his claim if such repairs are made as have been necessitated by the accident, he thereby waives his right to bring an action for the tort, and such an action having been brought it is not error to instruct a verdict for the defendant.

2. The fact that the machine could not be operated after being repaired does not release the owner from his agreement, but changes the cause of action in his favor, if any exists, from one for tort to one for breach of contract.

*Thos. L. Michie,* for plaintiff in error.

*Harmon, Colston Goldsmith & Hoadly* and *Oscar Stoehr,* contra.

GEOGHEGAN, J.

This cause comes into this court on error to the municipal court of Cincinnati.

The only ground of error urged in this court is based upon the action of the trial judge in instructing a verdict for the defendant at the close of the evidence offered by the plaintiffs.

The bill of particulars filed in the court below sets forth, among other facts, that a certain automobile belonging to plaintiffs was, through the negligence of a servant of the defendant engaged in the operation of a motor truck, damaged and wholly destroyed, and damages are sought for the value of the machine, a certain amount of storage, and the deprivation to the plaintiffs of the use of the automobile for a period of three months.

The defense principally relied upon by the defendant below was that the plaintiffs and defendant agreed upon an adjustment or settlement of the claim for damages, in this, to-wit: That the plaintiffs were to have the automobile repaired and that the defendant was to pay the cost of repairs.

An examination of the evidence offered by the plaintiffs bears out this contention of the defendant.

After the collision, the plaintiffs sought the agents of the defendant and were told to have the automobile repaired. Acting upon this instruction, they placed the automobile in the hands of the Citizens Motor Car Company and received from that company a statement of the amount of damage with the agreement to repair same for $127.25. However, plaintiffs were informed by the agent of the Citizens Motor Car Company that they would not start the repairs until they had received notification from the John Hauck Brewing Company, defendant below, that they would guarantee the payment of the amount fixed for these repairs. The plaintiffs thereupon took the written statement of the repairs necessary, together with the contract price for same, to the John Hauck Brewing Company, where the same was signed by the agent of the brewing company and the agreement by the brewing company to pay for the repairs confirmed. After some delay these repairs were made and the automobile taken from the shop. The automobile would not run and the plaintiffs brought an action to recover as hereinbefore set out.

While no statement appears in the record as to the reasons actuating the trial judge in instructing a verdict upon the close of plaintiff's evidence, it is clear that he was right in his action.

The plaintiffs having agreed to settle and adjust this claim for the cost of the repairs, waived their right to bring an action for the tort. If, as counsel for plaintiffs in error contends, the agreement of the defendant in error was to repair the automobile so that it would be in good running order, then their action should have been for a breach of this contract and not for the tort.

The judgment of the municipal court will therefore be affirmed.